## MATHEWS *vs.* LAWRENCE.

In a suit upon a judgment, which judgment was recovered for a cause of action which could exist only against one individual, e. g. for an escape from the jail limits, the defendant being sheriff; *held* that it was no defence that the plaintiff had recovered a judgment for the same cause of action against *another person,* which had been paid.

Where the plaintiff declared upon and proved a judgment recovered against the defendant as sheriff of the county of O. for the escape of W. from the jail limits, and the defendant proved that the plaintiff had recovered a judgment against the defendant's successor in office for the same escape, which had been paid, but it did not appear which sheriff was really liable, or which judgment was first recovered; *held* that the facts did not constitute a defence, for (1) the defendant was precluded from impeaching the judgment against him by showing that he was not liable, and (2) that a judgment against and satisfaction by a person not liable could not avail the defendant.

ERROR to Onondaga C. P.   Mathews sued Lawrence before a justice, and declared on a justice's judgment against the defendant for $7,10 damages and costs.   On the trial the judgment was proved.   The defendant then gave evidence tending to show, that the judgment was recovered against the defendant as sheriff of the county of Onondaga for the escape of one Washburn from the jail limits : that the plaintiff also sued Elihu L. Phillips, the successor of the defendant in the office of sheriff, and recovered a judgment against him for the same escape of Washburn ; and that the judgment against Phillips had been collected.   This was set up as a satisfaction of the judgment against the defendant.   The evidence was objected to by the plaintiff, but the justice overruled the objection.   After the evidence had been given, the justice, upon further reflection, thought it should have been rejected ; and he gave judgment for the plaintiff.   On *certiorari,* the C. P. reversed the judgment, and the plaintiff now brings error.

*A. C. Griswold,* for plaintiff in error.

*J. R. Lawrence,* for defendant in error

Mathews v. Lawrence.

*By the Court,* BRONSON, Ch. J. It is impossible that the plaintiff should have had a good cause of action against both sheriffs for the same escape of Washburn; and if we can believe the defendant's evidence as to the identity of the escape, it is then clear that one of the sheriffs had a good defence to the action which was brought against him. It does not appear when the escape took place, or which judgment was first recov ered. Nor is there any thing in the case to show which of the sheriffs was legally liable to the plaintiff. Both certainly were not; and whichever had a good defence should have made it at the proper time. It is now too late. Neither of the sheriffs can go back of the judgment for the purpose of impeaching it.

We must assume that the defendant was legally liable for the escape, not only because the contrary has not been proved, but because such proof would not have been admissible. The judgment lays the foundation for a conclusive presumption that the defendant was liable. Then it can be no answer for him to say, that the plaintiff has wrongfully recovered a judgment and obtained satisfaction from another man—one who was not answerable for the escape. That only proves that the plaintiff is a bad man, and he has done a wrong to Phillips. It does not prove that the defendant's debt has been satisfied. The defendant might just as well set up that the plaintiff had robbed Phillips, or some one else, of an amount of money equal to the judgment on which Washburn was imprisoned. That wrong would not pay the defendant's debt.

Where several individuals are bound by one or more obligations for the payment of the same debt, payment by one will operate as a satisfaction as to all. But in that case, all of the debtors were originally liable to the creditor. And where several men commit a trespass, if the injured party recover a judgment and obtain satisfaction from one of the wrongdoers, all the others are discharged. But there, again, all of the trespassers were originally answerable for the wrong. In both cases the satisfaction comes from one who was bound to make it: and as the plaintiff is only entitled to one satisfaction, all of the debtors or trespassers are discharged. But in the case at bar, there is

no privity or relation between the two sheriffs: they were never both liable to the plaintiff for the escape. The money which Phillips paid came from a stranger to the defendant, and I see no principle upon which the payment can inure to his benefit. When one of several joint debtors or co-trespassers makes satisfaction, he does so for the others as well as for himself. But in this case, as there was no joint liability on the part of the two sheriffs, Phillips paid the money for himself, and for nobody else.

It follows from what has been said that the judgment of the C. P. should be reversed, and that of the justice affirmed.

Ordered accordingly.