THE ATLANTIC DOCK COMPANY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

A cause of action *ex delicto* is not extinguished by the recovery and satisfaction of a judgment against a stranger, in nowise joined in liability with defendant, for the full amount of the damages claimed, nor is the plaintiff estopped thereby. The adjudication only acts as an estoppel between the parties thereto, or those in privity with them.

(Argued May 14, 1873; decided May 27, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendants entered upon an order granting a nonsuit at the circuit.

This action was brought to recover damages for property of plaintiff alleged to have been destroyed by a mob in the city of New York.

During the "draft riots" of July, 1863, a mob, appearing in the southerly portion of the city of Brooklyn, fell upon the property of the plaintiff, inflicted serious injury upon one of its docks in the Atlantic basin, and destroyed the steam dredging machine "Oneida," and certain scows and appurtenances, the property of the plaintiff, then lying in the waters of the harbor. The damaged dock was in the city of Brooklyn, and the damaged water craft lay within the city of New York. It was admitted by the respondents upon the trial that the liability for the damage to the "Oneida" and her scows, which constituted the great bulk of the plaintiff's injuries, attached to the city of New York. In October, following the riots, the Atlantic Dock Company brought two suits upon precisely the same state of facts, excepting as to the question of locality; one against the city of Brooklyn and the other against the city of New York, and claimed in each suit to recover against the defendants the entire amount of damages. The case against Brooklyn came first to trial upon issue joined by an answer containing a general denial. On this trial the jury rendered a verdict for the plaintiff of $17,450.66. The city of Brooklyn carried this case to the Court of Appeals, which court affirmed the judgment. (3 Keyes, 444.) After judgment had been entered therein, on the decision of the Court of Appeals, the city of Brooklyn, upon an assignment to it of the claim against the city of New York, paid the judgment and the same was satisfied of record. The assignee proceeding to prosecute this action, defendants upon leave granted filed a supplemental answer, setting forth said judgment, payment and satisfaction, claiming the same to be

a bar to or estoppel against the prosecution of this action, and upon the proof the court nonsuited plaintiff.

*William C. De Witt* for the appellant.   Judgment in the wrong action against the wrong person is not an estoppel to a recovery in the right action against the right person. (*Matthews* v. *Lawrence*, 1 Den., 212; *Bleakley* v. *White*, 4 Paige, 654.)   A judgment upon a several liability against one is not a bar to a recovery against others upon the same cause of action. (*Suydam* v. *Barber*, 18 N. Y., 468; *Reed* v. *Girty*, 6 Bosw., 567.)   The rule of "estoppel by former adjudication" does not apply. (*Nat. F. Ins. Co.* v. *Mackay*, 5 Abb. [N. S.], 445; *Williams* v. *Fitzhugh*, 44 Barb., 324; *Gardner* v. *Buckbee*, 3 Cow., 120; *Bouchard* v. *Dais*, 3 Denio, 243; *Maybee* v. *Avery*, 18 J. R., 352; *Dale* v. *Rosevelt*, 1 Paige, 34; *Burrall* v. *Jones*, 7 Bosw., 404; *Pentz* v. *Ætna F. Ins. Co.*, 9 Paige, 568.)   The doctrine of estoppel *in pais* has no application. (*Ryers* v. *Farwell*, 9 Barb., 315; *Dezell* v. *Odell*, 3 Hill, 315; *Reynolds* v. *Lonsbury*, 6 id., 534; *Pierrepont* v. *Barnard*, 5 Barb., 564.)

*D. J. Dean* for the respondents.   Plaintiff is estopped by the record of the action in which it obtained judgment against the city of Brooklyn. (*Jackson* v. *Hoffman*, 9 Cow., 271; *Woodgate* v. *Fleet*, 44 N. Y., 13; *People ex rel. Reilly* v. *Johnson*, 38 id., 63; 3 Bl. Com., 308.)   Plaintiff's claim was merged in the judgment recovered against the city of Brooklyn. (*Shepard* v. *Mayor*, 13 How., 286; *Mallory* v. *Leach*, 23 id., 507; 17 Barb., 644; 21 Wend., 341; 1 Hill, 482; 18 N. Y., 471; 4 Comst., 519.)   Plaintiff is not the "real party in interest" and cannot prosecute this action. (Code, § 111.)

FOLGER, J.   It is not denied upon the argument, by the respondents, but that they were once liable to the plaintiff on the record, for the damage to the plaintiff resulting from the injury done by the mob to the dredging machine.

The plaintiff has by an action and judgment against another defendant recovered the full amount of those damages, and

has received satisfaction of the judgment. It is claimed that thereby the cause of action against the defendants in this action is satisfied, and that they are no longer liable to the plaintiff. To show, however, the exact state of the case, it should be further stated, that when the liability of the defendants is conceded to have ever existed, it follows that there was never any cause of action for those damages against any one but the defendants. And then it follows, that the recovery of a judgment against that other, and the receipt of payment thereof from that other, was a wrong done to it. And it was no less a wrong because it assumed the forms of the law, and was compassed by the adjudication of the courts.

The defendants' position is this, then, that a good cause of action against them upon their conceded liability to the plaintiff is lost or is taken away by a wrong done to another not in any way connected with the defendants in the transaction. This cannot be so. A wrong done to one will not extinguish a right against another. (*Mathews* v. *Lawrence*, 1 Den., 212.)

A liability *ex delicto* may be extinguished by a release. That has not been given here. It may be extinguished by payment. But a payment by a stranger, between whom and the defendant there is no privity, cannot be availed of. (*Bleakley* v. *White*, 4 Paige, 654.) To be effectual, payment, if by a third person, must be made by him as agent for or on account of the one liable, and with the prior authority or subsequent ratification of the latter (*Simpson* v. *Eggington*, 10 Exch., 845 ; *Kemp* v. *Balls*, id., 607), which was not the case here, where it was made for the benefit of the one making it, and as a purchase of the cause of action. And see *Muller* v. *Eno* (14 N. Y., 597–605). It may be extinguished by an accord and satisfaction. But satisfaction by a stranger is no plea. (*Grymes* v. *Blofield*, Cro. Eliz., 541, cited and approved, *Clow* v. *Borst*, 6 Johns., 37; *Daniels* v. *Hallenbeck*, 19 Wend., 408.) The recovery of a judgment does indeed merge or extinguish the cause of action, as against the party sued. But it is the cause of action against that party. The judgment does not so act upon

another cause of action against another party, in no wise joined in liability. Nor is the plaintiff estopped in this action by the former adjudication. The adjudication so acts only between the parties thereto or those in privity with them. Or, in other words, the estoppel must be mutual, which it is not in this case. Thus a judgment in favor of one co-trespasser may not be used by another co-trespasser, not a party to it, by way of estoppel. (*Sprague* v. *Waite*, 19 Pick., 455.)

It is said that the plaintiff is not now the real party in interest, and cannot prosecute the claim. (Code, § 111.) By section 121, however, no action shall abate by the transfer of any interest therein, if the cause of action continues; and the action shall be continued in the name of the original party, or the court may allow a substitution. The plaintiff did, as is conceded, have cause of action against the defendants. We have shown that it has never been extinguished. As it continues, it may still be prosecuted in the name of the original plaintiff, under the section of the Code last cited.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.