Eliza A. Boone, Respondent, *v.* Citizens' Savings Bank of the City of New York, Appellant.

S. deposited with defendant, a savings bank, a certain sum of money, receiving a pass-book, which stated that the account was with her, "in trust for Christopher Boone," plaintiff's intestate. S. received the pass-book and drew out one year's interest. After her death defendant paid the amount to her administrator, upon production of his letters of administration and of the pass-book. In an action to recover the deposit, *held* that, in the absence of any notice from the beneficiary, the payment was good and effectual to discharge the defendant; that the deposit constituted S. trustee and transferred the title to the fund from her individually to her as such trustee; that, upon the death of S., her rights as trustee to demand and receive the fund devolved upon her administrator, and upon his demand defendant was bound to pay it over; it had no right to inquire into the nature of the trust, and owed no duty to the beneficiary until the latter by notice, by forbidding payment or by demanding it himself, created such right and duty.

*Boone* v. *Citizens' Savings Bank* (21 Hun, 235) reversed.
*Martin* v. *Funk* (75 N. Y. 134) distinguished.

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 11, 1880, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury. (Reported below, 21 Hun, 235.)

This action was brought by plaintiff, as administratrix of Christopher Boone, to recover the amount of a deposit with defendant, a savings bank.

The facts found are substantially these:

On March 23, 1866, Susan Boone deposited with the defendant the sum of $500, and received in acknowledgment therefor a pass-book containing the following entry:

"Book No. 14,613.—The Citizens' Savings Bank in account with Susan Boone, in trust for Christopher Boone.

March 23d, 1866, $500."

At the time of making such deposit Mrs. Boone declared that she wanted the account to be in trust for Christopher Boone, and in pursuance of her request it was so deposited and entered, and the aforementioned pass-book was issued. On March 29, 1867, Mrs. Boone made a draft on said account of $22.71, being the interest that had accrued on the amount so deposited. To what use the money so drawn was applied does not appear. Aside from such draft, said account in the life-time of Mrs. Boone was neither diminished nor added to, except by the accumulation of interest allowed by the bank. The rules of the bank were printed in the pass-book delivered to Mrs. Boone at the time said deposit was made, and, among other things, said rules provided that all "deposits and all withdrawals shall be entered, at the time they are made, in the books of the bank, and also in a pass-book to be given the depositors at the time the first deposit is made. The pass-book shall be the voucher of the depositor, and evidence of his property in the institution, and the presentation of the pass-book shall be sufficient authority to the bank to make any payment to the bearer thereof."

"The officers of the bank will endeavor to prevent fraud upon its depositors; but all payments to persons producing the pass-books issued by the bank shall be valid payments to discharge the bank."

"On the decease of any depositor the amount standing to the credit of the deceased may be paid to his or her legal representatives when legally demanded."

After the death of Mrs. Boone, the pass-book passed into the possession of Edward Funk, her administrator, who presented the same to the defendant, with his letter of administration, and demanded payment of the amount due on said pass-book; the defendant thereupon paid to said administrator the whole amount then remaining unpaid on account of said deposit.

*Albert Mathews* for appellant. There was no valid gift *in presenti*, passing the legal title to this money by Susan Boone to Christopher C. Boone. (Perry on Trusts, § 311; *Day* v. *Roth*, 18 N. Y. 453; *Geary* v. *Page*, 9 Bosw. 298; *Young* v. *Young*, N. Y. Ct. of App., April 6, 1880; 10 Wkly. Dig. No. 6, 137.) There was not, in fact, a complete and perfect declaration of trust, in respect to this money, by Susan Boone, in favor of Christopher C. Boone, valid and sufficient to divest her of all beneficial interest in the fund. (*Hartley* v. *Nicholson*, L. R., 19 Eq. Cas. 242; *Bagshaw* v. *Spencer*, 1 Ves. Sr. 152; Perry on Trusts, § 359; *Otis* v. *Beckwith*, 49 Ill. 121; 68 id. 25; 18 Am. Rep. 541; 4 Kent's Com. 305; *Field* v. *Lonsdale*, 13 Beav. 78; *Babcock* v. *Bos. Sav. Bk.*, 104 Mass. 228; *Stone* v. *Bishop*, 4 Cliff. [U. S. C. C.] 593; *Stone* v. *Brush*, U. S. Sup. Ct., Mich. 1880; *Weber* v. *Weber*, 58 How. Pr. 255.) The bank being merely the naked bailee of the depositor, in her character of trustee, was bound to surrender the fund to her and her successors in the trust upon demand, and the delivery to it of the "pass-book." (*Rogers* v. *Weir*, 34 N. Y. 471.) Administration having been granted upon the estate of Susan Boone, her administrator became at law immediately chargeable with all personal property held in trust by his intestate, not merely as administrator for the purposes of administration, but as successor in law to the deceased as a trustee; and it became his duty to take immediate possession of and to hold such property, subject to the same trust as his intestate, and predecessor in the trust, had held it. (*Dias* v. *Brunnell*, 24 Wend. 13; *Kane* v. *Gott*, id. 661; *Grout* v. *Van Schovenhoven*, 1 Sand. V. C. 99; *Bucklin* v. *Bucklin*, 1 Abb. Ct. of App. Dec. 242; *Bunn* v. *Vaughn*, id. 253; *Emerson* v. *Blakely*, 2 id. 22; *Wheately* v. *Purr*, 1 Keen, 151.)

*Edwin G. Davis* for respondent. The payment did not discharge the bank. (*Allen* v. *Williamsburg Sav. Bk.*, 69 N. Y. 314; General Sav. Bk. Act, Laws 1875, 408, § 24; *Appleby* v. *Erie Co. Sav. Bk.*, 62 N. Y. 12.) The trust created by the deposit was *ipso facto* executed and did not descend to the per-

sonal representatives of the trustee. (*Martin* v. *Funk*, 75 N. Y. 134; *Young, Adm'r*, v. *Young*, 9 Wkly. Dig. 73.)

FINCH, J. The case of *Martin* v. *Funk* (75 N. Y. 134) determined that the deposit made with the defendant by Susan Boone constituted her a trustee for Christopher Boone, and transferred the title to the fund from her as an individual to her as a trustee. It further determined that in an action by the beneficiary against the administrator of the trustee, and the depositary, the *cestui que trust* was entitled to a delivery of the pass-book, which constituted the voucher for the deposit, and to receive the money from the bank. It did not, however, decide the question presented here, whether a payment by the bank to the administrator, upon the production of his letters, and of the pass-book, and in the absence of any notice from the beneficiary, was a good payment and effectual to discharge the bank.

It may not be doubted, that if the intestate, in her life-time, had demanded the money of the bank and presented her pass-book, no claim by the beneficiary having been interposed, the bank would have been bound to pay; and this for the reason that such was their express contract. They received the money as bailees, agreeing to pay it on demand to Susan Boone, trustee. What the trust was they neither knew, nor were bound to inquire. That was a matter wholly between trustee and *cestui que trust*, at least, until the latter gave notice to the bank of a hostile claim. They had received the money of the trustee, agreeing to return it to her, as trustee, on demand. When she called for it they were bound to pay, and having done so were discharged from all liability. And this was all the more certainly true because of the peculiar provisions of the contract. It was one of the stipulated terms of the deposit, expressly agreed upon at the time, that "the pass-book shall be the voucher of the depositor, and evidence of his property in the institution, and the presentation of the pass-book shall be sufficient authority to the bank to make any payment to the bearer thereof; that the officers of the bank will endeavor to

prevent fraud upon its depositors ; but all payments to persons producing the pass-books issued by the bank shall be valid payments to discharge the bank." We held, in *Allen* v. *Williamsburgh Savings Bank* (69 N. Y. 317), that such a stipulation was lawful, and both parties were bound by its terms. If, therefore, Susan Boone, trustee, to whose credit the deposit stood, had appeared at the bank, and demanded the fund, producing the pass-book as her voucher, and the bank had paid her the money, it is certain that the payment would have been good, and no liability would remain on the part of the bank to any after claim of the *cestui que trust*. The payment would have been made to the right party — to the person lawfully entitled.

But Susan Boone died before withdrawing the money. If, now, her right to demand and receive the deposit devolved upon her administrator, no change came over the right and duty of the bank, as it respected a payment to him. All the right of the deceased to demand and receive the money would pass to him, and such payment by the bank to him would be as effectual a discharge as if paid to the intestate in her life-time.

We are of opinion that upon the death of Susan Boone, her rights as trustee devolved upon her administrator. (*Banks* v. *Ex'rs of Wilkes*, 3 Sandf. 99 ; *Bucklin* v. *Bucklin*, 1 Abb. Ct. of App. 242 ; *Bunn* v. *Vaughan*, id. 253 ; *Emerson* v. *Bleakley*, 2 id. 22 ; *Trecothick* v. *Austin*, 4 Mason, 16, 29.) He took the property, which, although money, was a distinct and separate fund, and not mixed with the money of the estate, as trustee, not as assets, and held it with all the rights, and subject to all the duties of the deceased trustee whom he succeeded. When, therefore, he appeared at the bank and produced his letters of administration, and the pass-book, which, by the contract, was evidence of his right to withdraw the deposit and demanded its payment, the bank had no alternative. It had no right to inquire into the character of the trust, and owed no duty to the beneficiary, until the latter, by notice, or forbidding payment, or demanding it for himself, created, on the part of the bank, such right

and duty.  Until then the character of the trust did not concern the bank.  Whatever it was in fact, was immaterial, and could not affect the right and duty of the bank to pay the person to whom it owed the debt.

It is true that payment to the person presenting the passbook is not always and absolutely a discharge to the bank.  If paid to one who is neither the depositor, nor in case of death, the legal representative of the depositor, the bank, if it has agreed to use its best endeavors to prevent fraud, must exercise diligence, and is put on inquiry by circumstances of suspicion. (*Allen* v. *Williamsburgh Sav. Bank, supra.*)  But that rule only applied to prevent payment to the wrong person; to one not entitled to receive the deposit.  If the right person applies, and payment is made to him, the question of diligence or negligence cannot arise, for nothing has occurred to call it into play.

Nor does it alter the situation to call this an executed trust, and insist upon the right of the beneficiary to have the passbook, and the fund.  If he has such right it reaches the bank through the trustee, and the bank can only pay the beneficiary at the peril of establishing the latter's right as against the trustee to the possession of the fund.  It may take that risk, if it chooses, but it is not bound to take it.  It may be compelled by the action of the *cestui que trust* to hold the fund as against the trustee, and pay the money into court to await an adjustment of their respective rights, but in the absence of any claim or interference of the beneficiary, it can recognize no one but the depositor or his representative, having possession of the pass-book as the agreed voucher, and evidence of title and payment to him is good.  What else remains is wholly a question between trustee and *cestui que trust.*

The recovery, therefore, in this case cannot be sustained, and the judgment should be reversed with costs.

All concur, except Rapallo, J., absent.

Judgment reversed.