WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—MAY, 1883.

## KILBURN v. SEE.

*In the matter of the judicial settlement of the account of J. BENEDICT SEE, as administrator of the estate of WILLIAM SEE, deceased, intestate, executor, etc.*

The administrator of an executor's estate cannot perform the will of the latter's testator, although the assets of the testator properly pass into the administrator's hands, upon his intestate's decease.

The payment of a legacy is an executorial duty which devolves, where the executor dies, upon an administrator with the will annexed.

But where testatrix directed her executor to invest funds and apply the income to the support of her son, with power, if the income proved insufficient for that purpose, to use and apply so much of the principal as might be needed,—

*Held,* that the discretionary power to encroach upon the principal died with the executor.

Boone v. Cit. Sav. Bank, 84 *N. Y.,* 83—distinguished.

ANN WITHERSPOON died many years ago, leaving a last

will and testament, of which William See was executor. By her will she directed the sale of certain real estate, and that the proceeds be invested for the benefit of her son, William, and if the income proved to be insufficient for his comfortable support and maintenance, the executor was authorized to use and apply so much of the principal sum as might be needed for that purpose. This son was or became of unsound mind, but was not under restraint. Mr. See placed him at the Westchester County Poor House to board. He remained there for several years, and until the fall of 1880, when, having become worse, he was sent to an asylum for the insane, where he remained. The executor died in 1880, intestate, and J. Benedict See was appointed administrator of his estate. Frances J. Kilburn, an heir-at-law expectant of William Witherspoon, was appointed administratrix with the will annexed of Ann Witherspoon, deceased, and David Cromwell was joined with her as administrator. They now cited the administrator of William See, deceased, to account for and pay over to them the fund so provided for the support of William Witherspoon.

It was objected that David Cromwell, one of the administrators with the will annexed, had no right to appear in the matter.

LEWIS C. PLATT *and* E. T. LOVATT, *for administrators with the will annexed.*

L. T. YALE, *for administrator of Wm. See.*

W. M. SKINNER, JR., *guardian ad litem for Wm. Witherspoon.*

THE SURROGATE.—I think Mr. Cromwell had a perfect right to appear, and that the proceeding would have been

of little or no value without him as a party. . . . .
We have nothing to do here with the interest on funds
invested for the benefit of Wm. Witherspoon. He alone
is entitled, under the will, to the interest, and if anything
shall be due at his death, it will pass to his legal represen-
tatives. Mrs. Kilburn, as a presumptive heir-at-law of Wil-
liam, is, under the will, interested only in the principal of
the fund. The duty of the administrators with the will
annexed of Ann Witherspoon, deceased, is only to collect
and receive the principal of the fund held by the deceased
executor, with interest thereon since his death, and apply
it as the will directs. . . . . . . . . . . .

The executor was clothed by the will with a discretion-
ary power to use so much of the principal of the fund for
the comfortable support and maintenance of Wither-
spoon as he might deem proper. . . . . As the only
object of this proceeding can be to ascertain and fix the
condition and amount of the fund at this time, with a
view to its transfer to the administrators with the will
annexed, it results, from the views above expressed, that
there is now remaining (deducting the $75 paid Mr.
Yale) the sum of $3,314.62, subject, of course, to be di-
minished by the amount of commissions, the expenses of
this accounting, and the amount of any liability there
may be to the asylum where the unfortunate life-bene-
ficiary now is, and as to which I am not advised. There
can, of course, be no final accounting until his death.

Although the assets properly passed into the hands of
the administrator of the deceased executor, yet he cannot
execute the will of Ann Witherspoon, and as that will
contains no valid legal trust to prevent it, the fund so
remaining must be handed over to the administrators

with the will annexed, whose duty it is, under 2 R. S., 72, § 22, to observe and perform the will.

A legacy, as is seen, was given by it to Wm. Witherspoon, and it is the duty of an administrator with the will annexed to pay legacies. That is an executorial duty, and such administrator must discharge it. The interest of the fund is a legacy which the administrator must apply as directed by the will, but I do not think he has any discretionary power, such as the executor had, of encroaching upon the principal. The power to do that, I think, died with the executor on whom it was conferred (Beekman v. Bonsor, *23 N. Y., 298*). Such seems to be the somewhat refined distinction made by the higher courts.

The trust contained in the will is a common-law trust, such as is unauthorized by our statutes of uses and trusts, and is unlike one voluntarily created or assumed by one person for the benefit of another, where both are living, and where the trust devolves on the administrator of the creator thereof, as was the case in Boone v. Citizen's Savings Bank (*84 N. Y., 83*). Costs, to be taxed, are allowed out of the fund.

Decreed accordingly.