45 253
42ap342

RICHARD G BERFORD, Respondent, *v.* DEMAS BARNES as Assignee, and DEMAS BARNES, Appellant.

*Fraudulent conversion of a dividend due to a creditor by an assignee in bankruptcy— an action will lie against him as an individual in this court.*

The complainant in this action alleged that the defendant was appointed the assignee in bankruptcy of the estate of two persons of the name of Vetterlien and accepted the trust; that there was allowed against the estate of his assignors, in favor of one Hare, a claim of $7,056.11, upon which there was a dividend declared of $1,125.22, for which the defendant received credit in his accounts as assignee; that the defendant falsely represented to Hare that his

claim had been disallowed and was barred by the statute of limitations, and that the defendant thereafter withdrew the amount of the dividend from the funds of the bankruptcy estate and mingled the same with his own; that the administrator of Hare, who had died in ignorance of his rights, had assigned the claim to the plaintiff.

The defendant, who was sued as assignee and as an individual, demurred in each capacity on the grounds that the complaint did not state facts sufficient to constitute a cause of action; that the court had no jurisdiction of the cause, and that there was a misjoinder of causes of action against the defendant, individually and as assignee in bankruptcy.

*Held,* that none of the demurrers were well taken, and that an interlocutory judgment entered upon an order overruling them should be affirmed.

APPEAL from an interlocutory judgment entered in Kings county upon an order overruling a demurrer to the complaint.

*Joseph A. Shoudy,* for the appellant.

*Roger M. Sherman,* for the respondent.

DYKMAN, J.:

It is charged in the complaint in this action that the defendant was appointed assignee in bankruptcy of the estate of two persons of the name of Vetterlien, and accepted the trust. That there was allowed against the estate of his assignors, in favor of Thomas Hare, a claim of $7,056.11, upon which there was a dividend declared of $1,125.22 for which the defendant received credit in his accounts as such assignee. That the defendant falsely represented to Hare that his claim had been disallowed and was barred by the statute of limitations. That the defendant thereafter withdrew the amount of the dividend from the funds of the bankrupt's estate and mingled the same with his own at his bankers.

That Thomas Hare died in ignorance of his rights and of the transactions of the defendant, and the fraud he had perpetrated, and his widow, Matilda Hare, was duly appointed the administratrix of his estate, and that she first discovered the allowance of the dividend about the 1st of May, 1885. That the administratrix assigned the cause of action to the plaintiff about November 9, 1886, and he has demanded payment of the dividend and interest which was refused, and he demands judgment for the dividend and interest.

The title of the cause is Richard G. Berford against Demas Barnes and Demas Barnes as assignee, and the defendant has

demurred to the complaint as assignee and individually, and repeats the same causes of demurrer three different times, and the grounds stated are that the complaint does not state facts sufficient to constitute a cause of action; that the court has no jurisdiction of the supposed cause of action and that there is a misjoinder of causes of action against the defendant individually and as assignee in bankruptcy.

It is noticeable in the outset that the specifications of the causes of demurrer are quite inconsistent, for if no cause of action is stated in the complaint, then there is no misjoinder of such causes, but that is not very material. It is charged against the defendant in this complaint that he received the sum of $1,125.22 belonging to Thomas Hare, and which it was his duty to pay over to Hare, and mingled the same with his own funds at his bank and has refused to pay over the same after a legal demand. If those facts are true, as they are for our purpose, they constitute a cause of action against the defendant in favor of the party in interest in any court of general jurisdiction. Courts of bankruptcy have no exclusive jurisdiction of an action brought for the recovery of such a demand. The defendant has received and appropriated money which belonged to another, and the capacity in which he received the same is quite immaterial.

No citation of authority can be required for the fortification of such a position. It is plain common sense and common justice and very common law. Neither is their any misjoinder of causes of action. There is but one cause of action set out in the complaint, and that is for the misappropriation of money and is against the defendant individually. There is no cause of action stated against the defendant as assignee, and the annexation of the words " as assignee "· to the name of the defendant has no legal effect and may be easily disregarded. Besides all this, the demurrer is not for a misjoinder of parties. Demas Barnes is the defendant, and the complaint sets out a valid cause of action against him, and the Supreme Court has sufficient jurisdiction to entertain the action.

The judgment and order appealed from should be affirmed, with costs.

BARNARD, P. J., concurred.

PRATT, J. :

No want of capacity on the part of the plaintiff to sue appears upon the face of the complaint, and that is, therefore, not available as a ground of demurrer. The trust in respect to the chose in action mentioned in the complaint, devolved upon the administratrix of Thomas Hall by operation of law, and was duly assigned to the plaintiff, who is a proper party. (*Boone* v. *Citizens' Savings Bank*, 84 N. Y., 83 ; *Rogers* v. *Squires*, 26 Hun, 388.) That the court has jurisdiction of the parties is well settled by authority. The suit is against an assignee in bankruptcy to recover a dividend declared by a bankruptcy court, which, it is alleged, the assignee has withdrawn from the funds of the estate after he has claimed and received credit for the payment of the dividend. Such a suit is clearly within the adjudicated cases. (*Eyster* v. *Gaff*, 91 U. S., 521, 525 ; *Cook* v. *Whipple*, 55 N. Y., 150.)

The point that there is a misjoinder is not well taken. The complaint is in equity, and names the party who holds the legal title to the fund, as well as the person who has interfered with the trust. Assuming, therefore, that Demas Barnes, as assignee, is one person, and Demas Barnes, individually, is another, both are properly named in the complaint, in order that the decree may bind him in both capacities. (Story Eq. Plead. [9th ed.] § 528, p. 431 ; *James* v. *Cowiny*, 17 Hun, 269.) Both demurrers are to the entire complaint, and it follows it should be overruled if either of the causes of action are well pleaded. (*Haight* v. *Brisbin*, 36 Hun, 582.)

It cannot be said that no cause of action has been stated in the complaint, when the defendant has asserted by his demurrer for misjoinder that two well pleaded causes of action are improperly joined. (*Sullivan* v. *N. Y., N. H. and H. R. R.*, 1 Civil Pro., 285.) But one cause of action only is stated in the complaint. One fund alone is sued for, and a judgment of accounting for a specified sum of money is demanded. In any view of the case, the judgment against Demas Barnes, individually, should be affirmed.

But technically, as well as upon the merits, we think the decision below was right, and the judgment should be affirmed, with costs.

Order overruling demurrer to complaint and judgment thereon affirmed, with costs.