Pratt, J.
The principles of law applicable to this case are well-settled.
John White made deposits in the defendant bank in trust for Elizabeth White. In the case of Martin v. Funk (75 N. Y., 134), it was held that such a deposit was a sufficient declaration of trust and passed the title to the depositor as trustee, and that his retaining the pass-book must be deemed to be the act of a trustee. On the death of John White, Elizabeth White was the owner of the money thus deposited and on her death the administrator of her estate was entitled to receive the money.
But the defendant claims that the money was properly paid out to the executor of John White under the authority of the case of Boone v. Citizens Savings Bank (84 N. Y., 83), but the plain answer to this contention is that the trial court has found as a fact, that prior to the payment to such executor, the defendant had notice of the claim the admin istrator of the estate of Elizabeth White made to this fund so that the defense hangs entirely upon the question, whether such finding of fact is supported by the evidence!
The plaintiff testifies that he called at the bank to see the amount of money that1 was there; saw an officer of the *516 bank and exhibited his letters testamentary, and was told they would pay him the money when he produced the passbook. He also testified that he received a letter from the bank of like purport.
This evidence supports the finding that the bank had notice of the claim of the plaintiff prior to the payment to the executor of John White, and hence the case of Boone v. The Citizens Savings Bank, has no application.
That the notice was sufficient, no doubt can be entertained.
The books of the bank contained ample* evidence that this was a trust fund and the demand of the plaintiff and the exhibition of his letters testamentary, plainly indicated to the defendant that the plaintiff was entitled to receive the fund. It was a notice in effect that the rightful owner was not in possession of the pass-book, and that its production by any other would not justify the bank in paying out the fund.
The fact that the plaintiff sued and recovered a judgment against the executor of John White, furnishes no defense to this action. It has long been settled that recovering a judgment against the wrong person, cannot be set up as a defense by the right person subsequently sued. Atlantic Dock Company v. Mayor, etc., 53 N. Y., 64, and cases there cited.
Judgment affirmed, with costs.
Dykman, J., concurs; Barnard, P. J., not sitting.