(6 Misc. Rep. 122.)

### WALKER et al. v. HUBERT.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

CONTRACTS—PAYMENT—PAROL EVIDENCE.

In an action for the contract price of certain printing, defendant alleged that, in consideration of his contract, plaintiff agreed with him and one F. that plaintiff should hire an office in defendant's building, and that F. should receive, on all orders he should get for plaintiff, commissions, to be applied on sums due from defendant to plaintiff on said contract. *Held,* that F. could testify to defendant's privity to the agreement for commissions, and that under said agreement he (F.) was to get no cash, but that his commissions, with the rent of the office, were to apply on the last payment due plaintiff from defendant on said contract; such evidence not contradicting the terms of the contract,—that payments were to be made by defendant promptly, as soon as the printing was used.

Appeal from trial term.

Action by George H. Walker and Oscar W. Walker, trading as
George H. Walker & Co., against Philip G. Hubert, for the contract
price of certain printing furnished. From a judgment for plain-
tiffs, (25 N. Y. Supp. 519,) defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

J. A. Dennison, for appellant.
Clark & Sanborn, for respondents.

DALY, C. J. According to the testimony of the defendant, an
agreement was made between the plaintiff Walker, Frohman, and
himself, by which the plaintiffs would hire an office in his building,
and Frohman would receive 10 per cent. commission on all orders
for printing he could obtain for the plaintiffs; and this agreement
was the consideration of defendant's entering into the contract
upon which he is sued in this action. Frohman testified to the
same effect, and added that the commissions he was to earn were
to apply to the last payments of the defendant's contract, and that
he was not to receive any cash. This testimony the court struck
out on the ground that it contradicted the terms of the written con-
tract between the plaintiffs and defendant, which provided that pay-
ments were to be made by the defendant promptly, as the printing
was used. When the case was submitted to the jury, one of the
questions they were directed to consider was whether it was the
intention of the plaintiffs that Frohman's commissions were to be ap-
plied to the payment of this claim; it being the contention that
Frohman was a stranger to the contract between the parties, and
that payments by him would not inure to the benefit of defendant,
unless there was some evidence showing that it was the intention
of the parties to have it so. The question was left to the jury, upon
a proper statement of the law; but inasmuch as the court had
stricken out the testimony of Frohman, which went to show the
intention of the parties, the defendant was deprived of his most ma-
terial evidence upon this issue. The answer set up the agreement
for commissions, and that they should be applied in payment of sums
due from the defendant upon the contract in suit. Unless the de-
fendant was a party to that arrangement, he could not avail him-
self of it, for payment by Frohman without the privity of defend-
ant would have been payment by a stranger, and this would have
been of no advantage to the defendant. Atlantic Dock Co. v. Mayor,
etc., 53 N. Y. 64. The testimony of Frohman was directly to the
point that it was the agreement between himself, the plaintiff Walker,
and the defendant that he was not to be paid in cash, but that his
commissions and the rentals were to apply to the last payments of
the contract in suit. This made the defendant a party to the ar-
rangement, and entitled to the benefit of it; and the striking out
of the testimony deprived him of the evidence offered to establish
his contention upon the point in dispute. For this error the judg-
ment should be reversed, and a new trial ordered, with costs of the
appeals to the appellant, to abide the event of the action. All con-
cur.