(24 Misc. Rep. 498.)

### WALKER v. STATE TRUST CO.

(Supreme Court, Special Term, Kings County.    September, 1898.)

SPECIAL GUARDIANS—DEPOSITS—REPAYMENT—LIABILITY OF DEPOSITARY.

A trust company which received the funds of an infant by a deposit by one as her "special guardian," and thereafter paid back the same to such guardian from time to time on his order, is not liable to the infant for the deposit, in the absence of a notice that the deposit was made pursuant to an order of court, to await the further orders of said court, since the possession of money of an infant by a special guardian, its temporary deposit, and subsequent withdrawal, are not inconsistent with the rights with which he may be empowered under the Code.

Action by Lulu E. Walker against the State Trust Company to recover a deposit made with defendant by the special guardian of plaintiff.    On motion to dismiss the complaint.    Granted.

David B. Simpson, for plaintiff.

Stetson, Jennings & Russell (C. W. Bangs, of counsel), for defendant.

HIRSCHBERG, J.    The complaint alleges, in substance, that in certain proceedings taken in this court in Kings county, in 1890, certain real estate was sold, in which the plaintiff had an interest, amounting to $813.65; that she was then an infant, her maiden name being Lulu E. Semcken; that one Martin R. Winchell was appointed her special guardian, and, by order of the court in such proceedings, was directed to deposit the sum named with the defendant, "to await the further order of said court"; that the defendant had due notice of said order and proceedings; that, in pursuance of said order, said sum was duly deposited with the defendant to the plaintiff's credit, and a certificate of deposit issued therefor; that the guardian reported his action to the court, and the same was confirmed; that the court has since made no order changing the investment; that the plaintiff attained her majority on March 20, 1896, and immediately demanded payment from the defendant of said money and interest, which payment was refused; that no part of the money was ever paid to her or applied on her behalf; and that her guardian some years ago departed from this state, and she has not been able to ascertain his whereabouts nor that of his bondsmen.

53 N.Y.S.—54

On the trial, the plaintiff established all the material facts recited, excepting the allegation that the defendant had notice of the proceedings and the order pursuant to which the deposit was made. It appeared affirmatively, on the contrary, that no copy of the order directing the deposit was ever served on the defendant, and no proof whatever was made, tending to show that the defendant was ever informed, in any manner, that the deposit was made pursuant to an order of court. The form in which the deposit was made was not established. It was proven, however, that the fund, in some form, was brought to the defendant by Winchell, November 15, 1890, and there deposited by him, he then writing in the defendant's signature book, as the signature to which the deposit was to be subject, the words, "Martin R. Winchell, Special Guardian of Lulu E. Semcken. Address, 68 William street, New York," and receiving a certificate of deposit in the name of "Lulu E. Semcken, an Infant." It was further proven that on the 6th day of May, 1891, Winchell requested the defendant to conform the certificate of deposit to the signature given by him, saying the defendant had no right to reverse the names, whereupon the certificate was returned to the defendant for cancellation, and a new one issued in the name of "Martin R. Winchell, Special Guardian of Lulu E. Semcken," for the amount of the deposit with the then accrued interest. Thereafter Winchell drew upon the fund, from time to time, until, on the 25th day of June, 1892, the entire fund, principal and interest, had been paid by the defendant to or upon his order, as such guardian.

The theory upon which the complaint asserts a right in the plaintiff to now recover this money from the defendant is that the latter had actual notice that the money was deposited by order of the court to await its further order. There can be no recovery on that theory, since no such notice was given, nor was the money in fact so deposited. There was nothing to put the defendant on inquiry arising from the fact that the depositor was a special guardian, nor is it apparent how such inquiry would have been effective, in view of the numerous courts of domestic and foreign jurisdiction by which an order directing a deposit might be made. Nor is the title of the special guardian such as to admonish the defendant that the depositor had no right to the custody of the funds. For all that would appear to the defendant, the fund may have been income belonging to the ward, which the special guardian had authority to use for her benefit. Or, for aught that appeared to the contrary, the money might well have been drawn out and paid to the infant under legal authority, and ultimately upon the attainment of her majority. In other words, there was nothing to create even a suspicion that the authority by virtue of which the guardian was originally intrusted with the money had terminated, or that any limitation upon the right to its custody existed beyond the limitations of the trust relation. Such limitations do not exclude the trustee's right to the possession of the trust fund, but include it in every instance, in the absence of facts and circumstances tending to indicate the contrary. The cases cited by the plaintiff, of which Marshall v. De Cordova, 26 App. Div. 615, 50 N. Y. Supp. 294, is the latest, do not touch the

point. They are all cases in which the trustee dealt with the fund as his own, or in violation of the terms of the trust under actual or constructive notice, or under circumstances sufficient to put a party dealing with him upon inquiry, and suggesting that he was or might be misappropriating the fund. None of the cases hold one liable who, receiving trust funds from a trustee with knowledge of the trust, returns the funds to him on demand, unless notice or its equivalent has meanwhile been given of the termination of the authority, or a change in the relations of the parties to the trust.

The obligation which the defendant assumed with Winchell was to pay the money back on demand. It is so stipulated in the certificate of deposit. He could have sued the defendant, and would have inevitably recovered unless, by some fortunate accident, the latter learned in time the source of Winchell's authority. Of course, the defendant might have refused to accept the deposit until the source of authority was disclosed, and that has become its custom since this action was begun, but the law does not impose such extreme caution upon a bank of deposit. Accounts are very frequently opened in the name of individuals as executors, administrators, trustees, guardians, referees, etc., subject to the draft of the representative of the estate or of the trust; but it has never been held that such drafts are honored at the peril of the bank, or that it is concerned, in the first instance, with the application of the money when drawn out.

I think this case is controlled by the decisions in Boone v. Bank, 84 N. Y. 83, Schluter v. Bank, 117 N. Y. 125, 22 N. E. 572, and similar cases which expressly uphold the right of the bank to refund trust moneys to the trustee in accordance with the terms of the contract of deposit in the absence of anything which would tend to notify a person of ordinary prudence that the trustee contemplated a fraud upon the beneficiary. If the title of a special guardian were sufficient to apprise the institution of a legal limitation which would exclude the power to withdraw the fund under any circumstances, the case would be different. But, under the Code, a special guardian appointed in proceedings to sell real estate is required to give security, and may be empowered to invest the money of the infant, or to use it in the payment of its debts; and there is nothing in his possession of the money, its temporary deposit, and subsequent withdrawal, inconsistent with the law. Code Civ. Proc. §§ 2352, 2361, 2364.

The plaintiff lays stress upon the change in the form of the certificate. It was made in good faith by the defendant, and is a circumstance corroborative of the claim that it had no notice of the order of the court. Undoubtedly, it would have made the first certificate in the same form as the final one, if requested. The guardian could have collected the deposit by law on the first certificate, and the defendant did not assume a new or additional liability by the mere act of conforming the certificate in the hands of the depositor with the account of the deposit as opened on its books. The defendant is entitled to judgment dismissing the complaint, with costs.

Complaint dismissed, with costs.