be deemed a vagrant, and upon conviction thereof shall be committed to a county jail for a term not exceeding six months from the date of commitment. The procedure in such case shall be the same as that provided by law for other cases of vagrancy."

The charter provides that when the person convicted of vagrancy, including persons convicted as prostitutes, is over 21 years, and is not committed to a reformatory, she shall be committed, in the boroughs of Manhattan and the Bronx, to the workhouse on Blackwell's Island. It seems to me that, although somewhat badly worded and imperfectly punctuated, the statute above quoted (Laws 1901, c. 334, § 141) must be held to provide that a woman convicted of committing prostitution in a house of prostitution, or in a house of assignation, or in a tenement house, shall be punishable as a vagrant in the manner above set forth. If the relator has been guilty of prostituting herself in a tenement house, the city magistrate had jurisdiction to commit her. The magistrate, as we have seen, has found, as a matter of fact, that she did so prostitute herself; and this court, as I have already stated, will not on these writs, review his decision on the facts, and ascertain if the magistrate had sufficient proof of her guilt. He did have jurisdiction of the charge and authority to commit. The learned counsel for the relator makes much of the fact that only one act of prostitution is charged, but, so far as the case at bar is concerned, it makes little difference whether the act constituting the offense be a single one or one of a long series. The object of the provision is to protect honest and virtuous women and children who inhabit tenement houses from the intrusion of prostitutes, and full enforcement should be given thereto. The writs are dismissed, and the prisoner remanded.

Writs dismissed, and prisoner remanded.

---

(37 Misc. Rep. 20.)

GRAFING v. IRVING SAV. INST.

(Supreme Court, Trial Term, Kings County. January, 1902.)

DEPOSIT IN SAVINGS BANK—PAYMENT.

Where a deposit in a savings bank is placed in the name of "Diedrich or George Grafing," the savings bank is protected on payment to the executrix of Diedrich on presentation by her of the pass book and testamentary letters, where George Grafing had never made claim for the deposit, and had never deposited or withdrawn any money from the fund, and had never had the pass book.

Action by George Grafing against the Irving Savings Institution to recover a deposit. Judgment for defendant.

Lewis S. Goebel, for plaintiff.
Deyo, Duer & Bauerdorf, for defendant.

BETTS, J. Prior to April 10, 1893, one Diedrich Grafing had an account amounting to $1,000 on deposit with the defendant, which account he closed that day by balancing it, and opening a new account with the said $1,000 in the same bank in the name of "Died-

rich or George Grafing." Subsequently the said Diedrich Grafing made an additional deposit, and drew out two different amounts. Diedrich Grafing died on or about the 20th day of August, 1894. On October 8, 1894, Adelaide F. Grafing, as executrix of Diedrich Grafing, presented the pass book, and a certificate of letters testamentary issued to her under the last will and testament of said Diedrich Grafing, and a check or draft upon said bank for $2,000; and the defendant paid this amount to her and closed the account, retaining the pass book. George Grafing, the plaintiff, never deposited any funds in this account, nor drew anything therefrom; never had possession of the pass book; nor was he shown to have made any demand on the bank prior to this payment, or to have given it any notice of his claim to said fund prior to said payment. He brings this action against the defendant for the amount of said deposit, the sum of $2,000.

The plaintiff's title to the amount secured by this bank book cannot be upheld as a gift. "The elements necessary to constitute a valid gift are well understood, and are not the subject of dispute. There must be on the part of the donor an intent to give, and a delivery of the thing given, to or for the donee, in pursuance of such intent; and on the part of the donee, acceptance. * * * The delivery may be symbolical or actual; that is, by actually transferring the manual custody of the chattel to the donee, or giving to him the symbol which represents possession. In case of bonds, notes, or choses in action, the delivery of the instrument which represents the debt is a gift of the debt, if that is the intention; and so, also, where the debt is that of the donee, it may be given, as has been held, by the delivery of a receipt acknowledging payment. Westerlo v. De Witt, 36 N. Y. 340, 93 Am. Dec. 517; Gray v. Barton, 55 N. Y. 72, 14 Am. Rep. 181; 2 Schouler, Pers. Prop. § 66 et seq. The acceptance, also, may be implied where the gift, otherwise complete, is beneficial to the donee. But delivery by the donor, either actual or constructive, operating to devest the donor of possession of and dominion over the thing, is a constant and essential factor in every transaction which takes effect as a complete gift. Anything short of this strips it of the quality of completeness which distinguishes an intention to give, which alone amounts to nothing, from the consummated act, which changes the title. The intention to give is often established by most satisfactory evidence, although the gift fails. Instruments may be ever so formally executed by the donor, purporting to transfer title to the donee, or there may be the most explicit declaration of an intention to give, or of an actual present gift, yet unless there is delivery the intention is defeated." Beaver v. Beaver, 117 N. Y. 421, 428, 429, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; In re Bolin, 136 N. Y. 177, 32 N. E. 626. I find nothing in the evidence that would constitute these parties joint owners of this fund, nor do I find any decision so holding under similar circumstances, nor do I think the form of deposit was such as to put defendant on inquiry as to any claim of plaintiff. Its dealings had all been with Diedrich Grafing, and on presentation of the pass book, in accordance with its rules,

by his executrix, payment by it would seem to be the natural and ordinary way for it to close the account.

Assuming, then, that no gift has been established in this action, the only inquiry that remains is whether the form of the deposit created a trust on the part of Diedrich Grafing for the benefit of his brother, George Grafing. It is claimed by the plaintiff that Diedrich Grafing was, by the form of said deposit, constituted a trustee, as to it, for said George Grafing; that it created a trust. If that were so, it would be necessary, in order for the plaintiff to maintain this action, to establish that a demand was made upon the defendant for the amount of this deposit by the plaintiff, George Grafing, or some one for him, prior to the payment by the defendant to the executrix of Diedrich Grafing. The defendant's evidence is positive that no demand was made prior to the said payment. The plaintiff's evidence is very unsatisfactory as to whether any demand at all was made, and, if so, by whom or when. The courts have held that, even if a trust was created, payment by the bank to the executor or administrator of the trustee was a good payment, ·if made prior to a demand made or notice given not to pay by the cestui que trust. Boone v. Bank, 84 N. Y. 83, 38 Am. Rep. 498; Schluter v. Bank, 117 N. Y. 125, 22 N. E. 572, 5 L. R. A. 541, 15 Am. St. Rep. 494. Hence, holding as I do that no demand upon the defendant, or notice given to it by the plaintiff of claim of ownership, prior to the payment of the fund in question, was shown, it is unnecessary to determine in this action whether a trust was created by this form of deposit or not, and it therefore follows that this action cannot be maintained. Judgment ordered for the defendant.

Judgment for defendant.