## H. M. DUFUR *v.* BOSTON & MAINE RAILROAD.

October Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, STAFFORD and HASELTON, JJ.

Opinion filed February 9, 1903.

*Negligence—Joint tortfeasors—Release of—Effect.*

A declaration alleging that the defendant ran its car upon a side-track, and, while it stood there with the plaintiff as a passenger therein, allowed and caused another person to shoot a rifle toward and into the car, thereby injuring the plaintiff, shows a joint liability for negligence on the part of the defendant and such other person.

The discharge of one of two tortfeasors bars an action against the other.

That a plea amounts to the general issue cannot be taken advantage of by general demurrer.

CASE FOR NEGLIGENCE. Pleas, the general issue and four special pleas in bar. Heard on the plaintiff's general demurrer to the defendant's fourth and fifth pleas, at the June Term, 1902, Orange County, *Rowell,* C. J., presiding. Demurrer

overruled and pleas adjudged sufficient.     The plaintiff excepted.

*D. S. Conant* and *R. M. Harvey* for the plaintiff.

The fourth plea is insufficient, because it is apparent that the causes of action in the Allen suit and in this suit are not the same.     The charge against Allen was for wilfully and negligently shooting Dufur.     If that charge was true, the defendant here was not in any way liable.     There was nothing in that declaration, or in the settlement set out, to indicate that this defendant was at fault in connection with Allen.     From the facts set out in this declaration and plea, it appears that Allen could not be liable in this action.     It is charged in this declaration that the shooting by Allen was allowed and caused by this defendant; and there is no suggestion that Allen was either wilfully or negligently at fault.     In order to make the settlement pleaded a sufficient answer to the declaration, it must appear that Allen was jointly liable with this defendant or that he would be ultimately liable to it.     That the plaintiff and Allen settled that suit is immaterial here, unless some allegation of fact is made, which, if true, would show the two causes of action to be identical.

The same is true of the fifth plea, which shows upon its face that Allen was never guilty of any of the wrongs charged in either or both of said suits.     The charge here is against this defendant alone, and all traversable matters alleged in the declaration are confessed by this plea.     Stephen Pl. 217; *Lyman* v. *Railroad Co.,* 59 Vt. 167-175.

If it should be claimed that Allen's shooting was the proximate cause of the injury, we say that the declaration and pleas show that he was the innocent cause. · *Templeton* v. *Montpelier,* 56 Vt. 328; *Coggs* v. *Bernard,* 1 Smith Lead. Cas. (7th Am. Ed.) 433.

"The presumption of negligence is against the carrier when an accident has happened, and on him lies the *onus* of proving care." *Coggs* v. *Bernard, supra; Holbeck* v. *Railroad,* 16 Barb. 113; *Wilke* v. *Bolster,* 3 E. D. S. 332; *Steamboat* v. *King,* 16 How. 477.

No concert of action between Allen and the defendant is charged. Allen is not alleged to be a wrong-doer at all. In fact, the fifth plea shows that Allen was innocent. *Williams* v. *Sheldon,* 10 Wind. 654; *Guille* v. *Swan,* 10 Am. Dec. 234; *Wood* v. *Sutcliff,* 8 E. L. & Eq. 217; *Company* v. *Richards,* 98 Am. Dec. 209; *King* v. *Bevins,* 1 D. Chip. 178.

If Allen was a stranger to this cause of action, he could not discharge the defendant by payment; nor could the plaintiff by releasing Allen release the defendant. *Grymes* v. *Blofield,* Cro. Eliz. 541; *Edgecombe* v. *Rodd,* 5 East, 294; Comyn's Dig. tit. "Accord;" *Clow* v. *Barst,* 6 Johns. 37; *Blum* v. *Hartman,* 3 Daly, 47; *Stark* v. *Thompson,* 3 T. B. M. 296; *Brown* v. *Inhabitants,* 63 Me. 241; *Daniels* v. *Hollenbeck,* 19 Wend. 410; *Thermon* v. *Wild,* 39 E. C. L. 252; *Hawkshaw* v. *Rawlings,* 1 Strange, 24; *Beakley* v. *White,* 4 Paige, 656; *Muller* v. *Eno,* 14 N. Y. 604; *Dock Co.* v. *Mayer,* 53 N. Y. 67.

This case resembles the case where the insurer pays damages for an accident. In such cases, the defendant can have no benefit from such payment. *Yates* v. *Whyte,* 33 E. C. L. 349; *Bradburn* v. *Railway Co., Id.* 439; *Harding* v. *Townshend,* 43 Vt. 536.

*Young & Young* for the defendant.

The acts of the defendant were not the immediate cause of the injury. In a legal sense, neither the fact that plaintiff was in this car, nor the fact that defendant set and left the car where it did, was the immediate or proximate cause of the

injury. Therefore the fifth plea bars the action. There being no negligence on the part of the defendant, there is no liability. Thomp. Neg. s. 2778; Wood Ry. L. 1076-1078, and cases; Elliott Railroads, s. 1591, 1696; *Railroad Co*. v. *McKenney*, 124 Pa. St. 462; *Thomas* v. *Railroad Co.*, 148 Pa. St. 180; *Fredericks* v. *Railroad Co.*, 157 Pa. St. 103; *Fay* v. *Kent*, 55 Vt. 557; *Kennedy* v. *Morgan*, 57 Vt. 46; *McLeod* v. *Railroad Co.*, 58 Vt. 727.

The release of Allen bars this action, because Allen and defendant were joint tortfeasors, if this defendant was ever liable. *Brown* v. *Marsh*, 7 Vt. 320; *Chamberlin* v. *Murphy*, 41 Vt. 110; *Eastman* v. *Grant*, 34 Vt. 387; *James* v. *Aiken*, 47 Vt. 23; *Thompkins* v. *Railroad Co.*, 66 Cal. 165; *Seither* v. *Traction Co.*, 125 Pa. St. 397; *Spurr* v. *Railroad Co.*, 56 N. J. L. 346; *Livingston* v. *Bishop*, 1 Johns. 290; Jaggard Torts, s. 117; Addison Torts, s. 1353; 2 Hilliard Torts, 329; *Hale* v. *Spalding*, 145 Mass. 482; *Urton* v. *Price*, 57 Cal. 270.

TYLER, J.   The first count in the declaration alleges, in substance, that the defendant was a common carrier of passengers over its railroad; that it received the plaintiff, on payment of his fare, to carry him safely from Bradford to White River Junction; that it neglected its duty by running the car in which he was a passenger upon a side-track before the train reached the latter place and allowing it to stand there for a long time; that the plaintiff had no opportunity to leave the car, but, by the defendant's direction, through its officers and agents, remained therein; that one Allen, with the defendant's knowledge and permission, then kept and for a long time before had kept a target for rifle practice, in such a situation in respect to the car, that a bullet from his rifle might and would pass into the car; that the defendant knew that Allen was engaged in firing at said target directly towards the car, and that

the plaintiff, without negligence on his part, was struck by a bullet from Allen's rifle, and injured.

The second count only differs from the first in alleging that the defendant allowed and caused Allen to shoot his rifle towards and into the car; that the car was defective in its construction, and that, by reason thereof, when the plaintiff was hit by the bullet he was thrown down and injured.

The defendant, in its fourth plea, sets up in defence to the action that soon after the plaintiff received his injuries, as alleged, he brought a suit against Allen to recover damages therefor, which suit was entered in Windsor County Court; that Allen entered an appearance, and afterwards settled with the plaintiff, and paid him a large sum of money, which the plaintiff received and accepted in full settlement, satisfaction and discharge of all causes of action in the declaration mentioned, and gave him a written release under seal of all such causes of action. This plea sets out the declaration in the Allen suit, the first count of which is in trespass for a common assault; the second, for an assault by shooting at the plaintiff with a loaded rifle and injuring him; the third, in case, alleging negligent handling and shooting of the rifle, whereby the plaintiff was hit and injured. It recites the release and alleges that the causes of action in the two suits were identical.

The fifth plea admits the placing of the car, with the plaintiff therein, upon the side-track, and alleges a necessity for so doing, in that the main track was then temporarily occupied by other cars; denies all knowledge of Allen's intention to shoot on the occasion alleged; admits his shooting, but says it was without the defendant's consent or knowledge, and against its will; alleges that the bullet struck a knot in a post at which Allen fired his rifle, glanced to the car and hit the plaintiff, and that its hitting the car and the plaintiff was ac-

cidental; that Allen did not anticipate, and had no reason to anticipate, an injury to any person. This plea also alleges a settlement and release. To these pleas the plaintiff demurred generally.

The defendant relies upon the settlement and release as a bar to the action.

The plaintiff contends that the fourth plea is insufficient; that it appears upon its face that the causes of action in the two suits were not the same; that the allegation of identity in the fourth plea is inconsistent with the facts set out in the declaration in the Allen suit, in which it was alleged that Allen wilfully and negligently shot and injured the plaintiff, but that it contained no allegation that the defendant was in fault in connection with Allen, and jointly liable with him; that upon the declaration and pleas in this case, Allen was not a wrong-doer, but a stranger to the cause of action set out in the declaration; that, even if he were guilty of negligence, he did not assume to settle for the defendant's wrongful act; and that the payment and release did not affect the defendant's liability. The plaintiff says that the defendant relies upon one set of facts to bar this action, but requires the plaintiff to answer other facts inconsistent with those pleaded in bar. The plaintiff makes substantially the same claim in respect to the fifth plea. His contention is, in brief, that his suit against Allen was only for the latter's wrongful act, and that therefore the settlement and release did not affect the defendant's liability; that this suit is for the defendant's wrongful act; that neither the declaration nor the pleas charge that Allen and the defendant joined in the act, and that the two suits were for different causes.

The position cannot be maintained that, upon the facts alleged in the declaration, Allen could not have been liable

either to the plaintiff or the defendant. His act may have been unlawful, though the defendant permitted or even caused him to commit it. If his act was negligent, it is immaterial whether it was done at his own instance or by the defendant's procurement.

Upon the allegations in the declaration, the plaintiff clearly had a right of action against the defendant, whether Allen was liable or not; and, to defeat the action, the defendant must allege facts showing that it was not liable, or that it and Allen were jointly liable, and that the plaintiff released Allen from such liability. If Allen was never liable, then the release given him did not affect the defendant's liability; in that case, the payment by Allen would be the act of a stranger to the cause of action.

But upon the facts alleged in the declaration—that the defendant ran its car upon the side-track, and while it stood there, with the plaintiff therein by its directions, allowed and caused Allen to shoot his rifle towards and into the car,—the defendant and Allen were jointly liable for negligence whereby the plaintiff was injured. The case comes within the rule cited by the defendant from *Loftus* v. *Union Ferry Co.*, 84 N. Y. 455, 38 Am. Rep. 533, and applies to both wrongdoers: "If the defendant ought to have foreseen that such an accident might happen, or if such an accident could reasonably have been anticipated, the omission to provide against it would be actionable negligence." The allegations in the fourth plea of payment, settlement, satisfaction and discharge, the truth of which the demurrer admits, are a bar to this suit.

The defendant's act in placing the car upon the side-track gave the plaintiff no cause of action, and Allen's act would have been harmless if the car had not stood upon the side-track. It was the concurrence of the two acts that caused the

plaintiff's injury; therefore he had a right of action against either wrongdoer, or against both jointly, and in either case he would have been entitled to full compensation for his injury. He elected to sue and settle with Allen, and he discharged the cause of action in express terms, which released both wrongdoers from further liability. The plaintiff could have only one satisfaction for his injuries. *Eastman* v. *Grant*, 34 Vt. 387; *James* v. *Aiken*, 47 Vt. 23; Cooley on Torts, 139.

Jaggard on Torts, §117, states the rule: "While separate suits * * * may be brought against several defendants for a joint trespass, and while there may be a recovery against each, there can be but one satisfaction. It is immaterial whether the satisfaction is obtained after judgment, or by amicable adjustment, without any litigation of the claim for damages. The essential thing is the satisfaction. Therefore, where a passenger, injured in a street car collision, for a sum paid, released the carrier company from all liability for the injury, he thereby discharged the liability of the other company also. The rule was applied notwithstanding evidence that the other company was really to blame, and although the right of action against it was expressly reserved. The reasoning of the English cases is that the cause of action against joint tortfeasors is one and indivisible, and having been released as to one person, consequently is released as to all persons otherwise liable. The American cases recognize one satisfaction as a bar to suit against joint tortfeasors. When the cause of action is once satisfied, it ceases to exist."

The defendant, in its fifth plea, states an apparent necessity for the car standing upon the side-track; avers that on this occasion it had no reason to apprehend that Allen would shoot in that direction; and that, from the situation of the car and the target, Allen had no reason to anticipate that any person

would be injured by his shooting; and denies that either the defendant or Allen was negligent.    The plea is, in legal effect, the general issue.    All the facts therein alleged may have existed, and the defendant and Allen not have been in the exercise of the care of a careful and prudent man.    If Allen was in the habit of using this space for target practice, and was so using it on this occasion, it is a question of fact whether the defendant's officers and agents, in the exercise of the high degree of care required of carriers of persons, ought not to have known of it and guarded their passengers from injury; and, though Allen had no reason to anticipate danger to any person by shooting across this space, a careful and prudent man, placed in Allen's position, might have anticipated danger.

But the fact that the fifth plea amounts to the general issue cannot be taken advantage of by general demurrer.    *Hotchkiss* v. *Ladd,* 36 Vt. 593, 86 Am. Dec. 679; 1 Ch. Pl. 527-8.

*The pro forma judgment, overruling the demurrer to the fourth and fifth pleas, and holding those pleas sufficient, is affirmed, and cause remanded.*

