## Schooler v. Louisville & I. R. Co.

(Decided May 3, 1935.)

WALTER S. LAPP and LEONARD PERRIN for appellant.

HOWARD B. LEE, PETER, LEE, TABB, KRIEGER & HEY-BURN and LEE & KRIEGER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

J. A. Schooler has appealed from a judgment entered on a direct verdict against him.

### The Facts.

On November 16, 1931, Schooler (age 53) was a passenger on a traction car owned and operated by appellee, en route from Louisville to St. Helens. At or near Clover Hill station some one on the outside threw some small stones into this car. Schooler's right eye was struck and the sight of that eye destroyed. He was discharged from the hospital after a week or so, and since then the sight of his left eye has gradually failed so that Schooler, who was before this a self-supporting man, is now helpless and dependent.

### Where This Happened.

On other occasions before this happened, stones,

tomatoes, corn, dirt, and other materials had been thrown into traction cars at or near this place.

Bettie Chestnut used this line for three years in going to and from her work, and she testified that almost every night things were thrown into the traction cars at or near this place. She reported these occurrences to the motorman and on one occasion to the agent at the ticket office at Third and Chestnut in Louisville.

Gertrude Ray testified she lived in Louisville, and for 21 years had worked for a Mrs. Arnold out in this neighborhood and gone back and forth on the traction cars, and that at or near this station many times rocks, fruit, vegetables, dirt, roots, etc., were thrown into the cars, and that this has happened for 15 years. She reported this to the motorman but no one else.

E. T. Dawson testified about material that was thrown into the car at the time Schooler was injured, and that once before, when he was a passenger, material was thrown into the car at or near this same place.

Schooler in the days of his independence had frequently used this line, but this is the first time material had been thrown into the car to his knowledge.

### The Traction Company's Duty.

This evidence shows that the traction company might sometimes expect material to be thrown into its cars at or near this point, but what could it do about it? Its route was a fixed one from which it could not deviate. Stationing a watchman at this point would probably have resulted in nothing more than shifting the mischief a short distance north or south. It could not guard its entire line. It had no control of the miscreants or means of acquiring such. It was a common carrier charged with the duty of using the highest degree of care for the safety of its passengers, but it was not an insurer.

In Yellow Cab Co. v. Carmichael, 33 Ga. App. 364, 126 S. E. 269, the cab company took its passenger into the presence of a mob from some of whose members he received an injury, but the cab company could have deviated; its route was not fixed as is the traction company's.

82

In Dufur v. Boston & Maine Ry. Co., 75 Vt. 165, 53 A. 1068, the car was stopped in range of a shooting gallery and a passenger was injured, thus the danger was known and the passenger left exposed to it. Carriers have been held responsible for injury received by a passenger from the usual and expected crowding of his fellow passengers, but the carrier had control of them and was obliged to maintain order among them. That is true of the cases of South Covington & Cincinnati R. Co. v. Harris, 152 Ky. 750, 154 S. W. 35, and South Covington & C. R. Co. v. Vanice, 211 Ky. 774, 278 S. W. 116; Winnegar's Adm'r v. Central P. Ry. Co., 85 Ky. 547, 553, 4 S. W. 237, 9 Ky. Law Rep. 156, was an assault and death case. In Williams v. E. St. Louis R. Co., 207 Mo. App. 233, 232 S. W. 759, a colored man was taken to East St. Louis, where the carrier knew a race riot was prevailing, and he was injured. A number of other cases are cited: Irwin v. L. & N. R. Co., 161 Ala. 489, 50 So. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; Louisville Ry. Co. v. Dott, 161 Ky. 759, 171 S. W. 438, L. R. A. 1915C, 681; Kinney v. L. & N. R. Co., 99 Ky. 59, 61, 34 S. W. 1066, 17 Ky. Law Rep. 1405; Woas v. St. Louis Transit Co., 198 Mo. 664, 96 S. W. 1017, 7 L. R. A. (N. S.) 231, 8 Ann. Cas. 584; Franz v. Holyoke St. Ry. Co., 239 Mass. 565, 132 N. E. 270, and Gulf, etc., R. Co. v. Besser (Tex. Civ. App.) 200 S. W. 263.

In none of these latter cases, however, do we find where the passenger's recovery has been affirmed. The law is not found in what courts may say in their opinions, but in what they do and must say in their doing. Appellant's counsel have worked hard on their brief and have collected many things that courts have said in passing, but they have found nowhere anything done by a court that persuades us the trial court acted incorrectly.

Judgment affirmed.